# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theresa Lugo Thomas, : 
               Petitioner : 
                 : 
          v. : No. 444 C.D. 2022
                 : Submitted: February 10, 2023
Trinity Health Corporation : 
(Workers' Compensation : 
Appeal Board), : 
               Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE ANNE E. COVEY, Judge
             HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                     FILED: April 20, 2023

Theresa Lugo Thomas (Thomas) filed a Petition for Review (Petition) of the April 13, 2022 order of the Workers' Compensation Appeal Board (Board) that affirmed the Workers' Compensation Judge's (WCJ) October 19, 2021 Decision and Order granting Trinity Health Corporation's (Employer) Petition to Terminate Compensation Benefits (Termination Petition). Thomas argues on appeal the Board erred in affirming the WCJ's decision to grant Employer's Termination Petition where Employer's medical expert did not acknowledge Thomas's accepted injury. We affirm.

## I. Background and Procedural History

Thomas worked as a registered nurse for Employer. WCJ Decision, 4/19/21 (WCJ Dec.) ¶ 2.a. On November 18, 2019, in the course of her employment, she slipped and fell on wet leaves. Board Opinion, 4/13/22 (Bd. Op.) at 1. Thomas went to the hospital and received a diagnosis of a contusion of the right hand, a leg contusion, and a lumbar strain. WCJ Dec. ¶ 2.a. A February 5, 2020 Notice of Compensation Payable (NCP) accepted a "November 18, 201[9] right shoulder, right hand, right upper arm strain or sprain, and a right thigh contusion." *Id*. ¶ 1. After the injury, Thomas had surgery on her right rotator cuff, physical therapy for her shoulder, and injections in her hand and elbow. *Id*. ¶ 2.b., c.

On September 15, 2020, Thomas filed a Petition to Review Compensation Benefits (Review Petition) that alleged the NCP "was materially incorrect because it failed to recognize [her] right wrist ligament tear status post-surgery, right shoulder rotator cuff tear, and aggravation of underlying cervical degenerative disc disease." Bd. Op. at 1. On December 21, 2020, Employer filed the Termination Petition that alleged Thomas had fully recovered as of October 22, 2020. The WCJ considered the Review Petition and Termination Petition together.

At the proceedings before the WCJ, Thomas testified and presented testimony from three physicians: Rowena McBeath, M.D., Ph.D. (Dr. McBeath), Kenneth Kearns, M.D. (Dr. Kearns). and Gerald E. Dworkin, O.D. (Dr. Dworkin).

Dr. McBeath is a board-certified orthopedic surgeon with a specialty in hand surgery. WCJ Dec. ¶ 3.a. Dr. McBeath examined Thomas and performed two surgeries on her right hand. *Id*. ¶ 3.b., d. Dr. McBeath opined Thomas had not fully recovered from her work injury. *Id*. ¶ 3.g.

Dr. Kearns is a board-certified orthopedic surgeon with a fellowship in shoulder and hand surgery. *Id.* ¶ 4.a. Dr. Kearns performed a physical examination of Thomas and reviewed her Magnetic Resonance Imaging (MRI) scan. Under Dr. Kearns's care, Thomas received injections, therapy and surgery on her shoulder. *Id.* ¶ 4.b., e. On Thomas's last visit on November 30, 2020, Dr. Kearns determined she was not fully recovered from her work injury. *Id.* ¶ 4.f.

Dr. Dworkin is board certified in physical medicine and rehabilitation. *Id.* ¶ 5.a. He examined Thomas on June 18, 2020, and January 13, 2021, and reviewed a June 29, 2020 cervical spine MRI and an Electromyography (EMG) test. *Id.* ¶¶ 6.d., 5.c. Dr. Dworkin opined Thomas was not fully recovered from her cervical spine injuries. Bd. Op. at 5.

Employer presented the testimony of Dr. Ruht. Dr. Ruht is board certified in orthopedic surgery. *Id.* ¶ 7.a. He performed an independent medical evaluation (IME) of Thomas on October 21, 2020. Bd. Op. at 5. He did not believe Thomas suffered a work-related shoulder injury. WCJ Dec. ¶ 7.a.i. However, giving Thomas the "benefit of the doubt," Dr. Ruht found if Thomas did have a shoulder injury, it was minor and she had fully recovered. *Id.* As to Thomas's right wrist and right thigh, Dr. Ruht opined that any injury had ceased and Thomas had fully recovered. *Id.* ¶ 7.a.iv.-v. Further, Dr. Ruht found Thomas had fully recovered from "all *accepted* and *alleged* work related injuries." *Id.* ¶ 7.a.vii. (emphasis added).

By decision and order dated October 19, 2021, the WCJ partially granted Thomas's Review Petition and granted Employer's Termination Petition. Thomas appealed the WCJ's decision to grant Employer's Termination Petition. The Board affirmed, and Thomas filed a Petition in this Court. Thomas raises the following issue on appeal: "Whether the Board erred in affirming the WCJ's termination of

3

benefits where the Employer's medical expert refused to recognize the accepted injury?" Petitioner's Br. at 4.

## II. Discussion

In a workers' compensation appeal, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Board committed an error of law, or whether the Board's decision violates a party's constitutional rights. *See Elberson v. Workers' Comp. Appeal Bd. (Elwyn, Inc.)*, 936 A.2d 1195, 1198 n.2 (Pa. Cmwlth. 2007). Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky),* 421 A.2d 1060, 1062 (Pa. 1980). Questions of credibility, conflicting medical evidence and evidentiary weight fall within the WCJ's authority, and the WCJ is free to accept the testimony of any witness, including medical witnesses, in whole or in part. *Ingrassia v. Workers' Comp. Appeal Bd. (Universal Health Servs., Inc.),* 126 A.3d 394, 399 n.5 (Pa. Cmwlth. 2015). The WCJ is the ultimate factfinder, but a WCJ must provide reasons for accepting or rejecting evidence. *Ingrassia*, 126 A.3d at 402-03.

In a termination petition, the burden of establishing a work injury has fully ceased is on the employer. *Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.),* 705 A.2d 1290 (Pa. 1997). The Board found the WCJ accepted "competent testimony" from Dr. Ruht that Thomas had fully recovered from her work-related injury. Bd. Op. at 7. The WCJ accepted Dr. Ruht's opinions over Dr. McBeath's "based on the delayed onset of the thumb and elbow complaints, the prior medical history related to the thumb, as well as Dr. McBeath's inability to opine whether [another incident] was the cause of [Thomas]'s ongoing wrist complaints." WCJ Dec. ¶ 9. The WCJ found the opinions of Dr. Ruht more competent and credible

4

than Dr. Kearns "based on the multiple normal shoulder examinations . . . ." *Id.* ¶ 10. The WCJ found the opinions of Dr. Ruht more competent and credible than Dr. Dworkin "based on the numerous normal examinations of the cervical spine . . . and the lack of objective findings in the MRI or EMG to support Dr. Dworkin's opinions . . . ." *Id.* ¶ 11.

Thomas argues the WCJ erred in finding Dr. Ruht's opinions credible because Dr. Ruht did not even believe all of Thomas's injuries occurred. A medical expert, however, need not believe that a particular work injury actually occurred. *To v. Workers' Comp. Appeal Bd. (Insaco, Inc.),* 819 A.2d 1222, 1225 (Pa. Cmwlth. 2003). Rather, a medical expert's opinion is competent if he assumes the presence of an injury and finds it to be resolved by the time of the IME. *Id.*; *Jackson v. Workers' Comp. Appeal Bd. (Res. for Hum. Dev.),* 877 A.2d 498, 503 (Pa. Cmwlth. 2005). In this case, Dr. Ruht did not believe Thomas suffered a work-related shoulder injury. WCJ Dec. ¶ 7.a.i. Nevertheless, Dr. Ruht gave Thomas the benefit of the doubt and determined that even if she suffered a shoulder injury, it was minor and had resolved by the time of the IME. *Id.* The Board noted Dr. Ruht "not only acknowledged the work-related right shoulder strain, he opined that [Thomas] fully recovered from it." Bd. Op. at 7. Since Dr. Ruht assumed the presence of Thomas's injury and found the injury had resolved, Dr. Ruht's testimony was competent.

The WCJ found the testimony of Dr. Ruht more competent and credible than Dr. McBeath, Dr. Kearns, and Dr. Dworkin. *Id.* ¶¶ 9-11. The Board determined that the WCJ accepted the "competent testimony" of Dr. Ruht to support a finding that Thomas had fully recovered from her work-related injury. Bd. Op. at 7. Accordingly, we agree with the Board's determination the WCJ did not err in considering Dr. Ruht's testimony.

### III.  Conclusion

For the foregoing reasons, we conclude the Board did not err when it affirmed the WCJ's order granting Employer's Termination Petition.  Accordingly, we affirm the Board's order.

_____
STACY WALLACE, Judge

Judge Fizzano Cannon did not participate in the decision of this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Theresa Lugo Thomas,          :
              Petitioner     :
                          :
         v.                 : No. 444 C.D. 2022
                          :
Trinity Health Corporation       :
(Workers' Compensation        :
Appeal Board),               :
            Respondent    :

## O R D E R

**AND NOW**, this 20th day of April 2023, the April 13, 2022, order of the Workers' Compensation Appeal Board is **AFFIRMED**.

_____
STACY WALLACE, Judge